IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYSON BRENT DICKINSON, #00134148, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-0929 |
| STATE OF TEXAS, | § § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Jayson Brent Dickinson (Inmate #00134148) is an inmate incarcerated in the Fort Bend County Jail.  Dickinson has filed a petition, which appears to seek federal habeas corpus relief from a state court conviction under 28 U.S.C. § 2254.  After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.      BACKGROUND

According to the exhibits attached to the petition, a state grand jury returned an indictment against Dickinson on January 22, 2008, in Fort Bend County cause number 45674-A, charging him with one count of assault involving family violence and two counts of unlawful possession of a firearm following a felony conviction.  The State enhanced that indictment with allegations that Dickinson has numerous prior convictions. On February 15, 2008, Dickinson pleaded guilty to the charges against him and conceded that the

enhancement allegations were true.  The 400th District Court of Fort Bend County, Texas, sentenced Dickinson to serve five years' imprisonment.  In exchange for this sentence, Dickinson agreed to waive his right to appeal and his right to file a post-conviction writ of habeas corpus.

Dickinson now seeks a federal writ of habeas corpus to challenge the conviction under 28 U.S.C. § 2254.  Dickinson contends that his guilty plea was involuntarily made because he was coerced by the trial judge, who threatened him with life imprisonment if he did not sign the plea agreement.  Dickinson has not presented his claim in state court.  Because the state's highest court of criminal jurisdiction has not reviewed Dickinson's claim, the pending federal petition must be dismissed for reasons that follow.

## II.   <u>EXHAUSTION OF REMEDIES</u>

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only

2

where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001), *cert. denied*, 534 U.S. 1164 (2002).

To exhaust state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(1)(C). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir.) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."), *cert. denied*, 541 U.S. 1087 (2004).

The exhibits show that Dickinson waived his right to appeal or file a state habeas corpus application when he signed his plea agreement. If Dickinson wants to challenge the

validity of his plea and the waiver that he signed, he must first do so by presenting his claims in state court.  In that respect, a Texas defendant may file a notion to withdraw his guilty plea with the trial court on the grounds that it was involuntary or unknowingly made.  *See Ex parte Zapata*, 235 S.W.3d 794 (Tex. Crim. App. 2007);  *see also Labib v. State*, 239 S.W.3d 322, 331-32 & n.8 (Tex. App. — Houston [1st Dist.] 2007, no pet.) (noting that a defendant's right to a motion to withdraw his guilty plea "is not in the code of criminal procedure or any other statute," but appears to stem from the constitutional right to a trial by jury) (citation omitted).  Challenges to the voluntariness of a defendant's guilty plea and the validity of any waiver associated with his plea agreement are also cognizable on direct appeal and in habeas corpus applications filed under Article 11.07 of the Texas Code of Criminal Procedure.  *See Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *Brown v. State*, 943 S.W.2d 35 (Tex. Crim. App. 1997); *Houston v. State*, 201 S.W.3d 212 (Tex. App. — Houston [14th Dist.] 2006, no pet.); *see also Ex parte Insall*, 224 S.W.3d 213, 215 (Tex. Crim. App. 2007) (holding that the defendant's waiver of the right to apply for a writ of habeas corpus was not voluntarily made).

The pleadings and exhibits plainly show that the Texas courts have not yet had an opportunity to address the issues raised in the pending petition.  Because state process remains available, the petitioner does not satisfy any statutory exception to the exhaustion doctrine.  Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims.  It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1.   The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2.   A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on  March 27th , 2008.

Nancy F. Atlas
United States District Judge